(20 App. Div. 36.)

PEOPLE ex rel. GRIM v. TRUSTEES OF VILLAGE OF ROCKVILLE
CENTER.

(Supreme Court, Appellate Division, Second Department. July 13, 1897.)

VILLAGES—APPOINTMENTS TO FIRE DEPARTMENT.

The board of trustees of an incorporated village are not required, under
Laws 1887, c. 244, to appoint a chief engineer of the fire department, and
assistants, until candidates have been recommended by the votes of a ma-
jority of the convention of the fire companies.

Appeal from special term.

Petition by the people, on the relation of William H. Grim, for a
writ of mandamus against the trustees of the village of Rockville
Center. From an order granting the writ, defendants appeal. Re-
versed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

John Vincent, for appellants.

Norman S. Dike, for respondent.

CULLEN, J.    The writ was issued in this case directing the trus-
tees of the village of Rockville Center to forthwith meet and appoint a
chief engineer, a first assistant engineer, and a second assistant engi-
neer of the fire department of that village.    The affidavit of the re-
lator, upon which the writ was granted, stated that, at a meeting of
the convention of the delegates of the fire department of the village,
certain nominees were recommended and certified to the board of
trustees for appointment to those offices.    The answering affidavit of
the trustees stated that, at the convention of the delegates of the fire
department, certain individuals were put in nomination for the offices
specified, but the election resulted in a tie vote, as appeared by the
report and certificate of the secretary of the said convention to the
board of trustees of the village.    For this reason the trustees de-
clined to act.    It was further stated that certain persons previously
appointed to the offices were still holding them, and performing all
their duties.    We think the writ was improperly granted.    By sec-
tion 3 of chapter 244 of the Laws of 1887, it is provided that the con-
vention of delegates of the fire companies—

"Shall select separately by ballot suitable persons, electors of such village, for
chief engineer and first and second assistant engineers, and the individuals re-
ceiving the greatest number of votes for those several offices shall be recom-
mended to the trustees of said village for their appointment."

By section 4 it is provided:

"The board of trustees of such village upon such recommendation shall ap-
point a chief engineer and two assistant engineers, who shall be electors of
said village, and who shall hold their offices during the pleasure of said board."

It will be thus seen that, before the duty of appointing a chief engi-
neer and assistants is imposed upon the board of trustees, it is neces-
sary for the convention of the fire companies to recommend to the
board suitable persons for such offices.    It will also be seen that
the convention can only recommend the individuals who receive the

greatest number of votes for those several offices. As there was a tie vote, there could be no valid recommendation, and hence the respondents were not in default, especially as the incumbents of those offices were holding over and discharging the duties of the offices. If, as we construe section 4, it was obligatory upon the trustees to appoint to office persons recommended by the convention, then, of course, there having been no recommendation, there could be no appointment. If, however, the trustees could disregard such recommendation in their appointments, still, as it is provided that the engineers appointed shall hold their offices during the pleasure of the board, we see no reason why the board might not continue the old incumbents in their offices.

The order appealed from should be reversed, with $10 costs and disbursements. Motion denied. All concur.